**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Leroy GARRETT, Defendant-Appellant.**

**No. 72–1853.**

United States Court of Appeals, Ninth Circuit.

Oct. 16, 1972.

Donald B. Marks, of Marks & Heaman, Los Angeles, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Eric A. Nobles, Jerry L. Newton, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before ELY and GOODWIN, Circuit Judges, and ENRIGHT, District Judge.*

PER CURIAM:

Garrett was convicted on a charge of having conspired to steal certain checks from the United States mail in violation of 18 U.S.C. § 371. In urging reversal, he makes two arguments: (1) that the

---

* Honorable William B. Enright, United States District Judge, San Diego, California, sitting by designation.

District Court excessively restricted his counsel in the cross-examination of one of the prosecution's witnesses, and (2) that the court erred in not limiting the prosecution, in its redirect examination of one of its witnesses, to the scope of the prior cross-examination of the witness.

■ ■ The second argument has no merit whatsoever. The first presents more difficulty. When the defense attorney directed the cross-examining inquiry in question and the prosecution's objection was sustained, the defense attorney requested the court for permission to approach the Bench and undertake to explain the propriety of the question. This request was denied and, we think, improperly so. We note, too, as our court has often said, that all reasonable latitude in cross-examination should be afforded. Assuming, however, that the District Court committed error in this case, we are not persuaded that it was of such consequence as to require reversal. The prosecution's evidence of Garrett's guilt was overwhelming; hence, the specified restriction upon the defense, in respect to its attempted cross-examination, was harmless.

Affirmed.